ONE WORLD ONE FAMILY NOW, a California nonprofit corporation, Plaintiff,

v.

CITY OF KEY WEST, a Florida municipality, Defendant.

City of Key West, a Florida municipality, Plaintiff,

v.

One World One Family Now, a California nonprofit corporation, Defendant.

No. 01–10047–CIV.

United States District Court, S.D. Florida.

Nov. 12, 2003.

David M. Liberman, Esq., Los Angeles, CA, Scott S. Liberman, Esq., Krupnick, Campbell, et al., Ft. Lauderdale, FL, for Plaintiff One World One Family Now.

Michael T. Burke, Esq., Tamara M. Scrudders, Esq., Johnson, Anselmo, Murdoch, Burke & George, Ft. Lauderdale, FL, for Defendant City of Key West.

### ORDER GRANTING DEFENDANT CITY OF KEY WEST'S MOTION FOR SUMMARY JUDGMENT

KING, District Judge.

THIS CAUSE comes before the Court upon Defendant City of Key West's ("the City") Motion for Summary Judgment, filed September 11, 2003. Plaintiff One World One Family Now ("One World") has not filed a response,[1] and the time to do so has passed.

### BACKGROUND

One World is a nonprofit corporation organized under the State of California whose mission is to educate the general public about the spiritual aspects of problems affecting the environment. One World distributes literature to the public and sells message-bearing T-shirts from portable tables at various locations in Key West, Florida. On March 21, 1994, One World filed a Complaint in Case No. 94–10020–CIV–KING challenging the City's policy of prohibiting the sale of T-shirts from portable tables located in the City's historic and commercial district. One World argued that the City's permit scheme operated to deprive One World of its First Amendment right to free speech under the Fourteenth Amendment. The parties subsequently filed a Stipulation for Final Judgment and Order ("Parties' Stipulation") in which they agreed to a resolution of that action. (App. to the City's Mot. for Summ. J., Ex. 3) Thereafter, on November 10, 1994, the Court issued a Consent Judgment and Order ("Consent Order")[2] based on the Parties' Stipulation that enjoined the City from enforcing specific city ordinances by arresting, citing, or taking into custody any of One World's representatives for selling their message-bearing T-shirts from tables on sidewalks in the City's historic and commercial district.

1. One World's response to the City's Motion was due on October 1, 2003. On October 30, 2003, One World filed its first and only Request for Extension of Time in Which to Respond to Defendant City of Key West's Motion for Summary Judgment (DE # 28), which this Court denied on November 4, 2003 (DE # 29).

2. Case No. 94–10020–CIV–KING, DE # 20, 11/10/94.

Over six years later, on March 6, 2001, the City enacted Ordinance No. 01–02 ("New Ordinance"), codified as Key West, Florida Code of Ordinances § 107.38. The New Ordinance prohibits the use of portable tables to display or sell literature or message-bearing T-shirts on all public sidewalks located within the City. On May 1, 2001, the City filed its Petition to Dissolve and/or Modify Consent Judgment and Order ("City's Petition") in Case No. 01–10046–CIV–KING. In its Petition, the City argued that two recent decisions from the Eleventh Circuit Court of Appeals validated the New Ordinance as a permissible time, place, and manner restriction of One World's First Amendment rights and requested that the Court modify or dissolve its Consent Order so that it could enforce the New Ordinance against One World. Two days later, On May 3, 2001, One World filed its Complaint in the above-styled case number alleging that the New Ordinance: 1) violates the Consent Order; 2) violates 42 U.S.C. § 1983 and the First Amendment; and 3) violates the Equal Protection Clause of the Fourteenth Amendment. On that same day, One World also filed an *Ex Parte* Application for Temporary Restraining Order seeking to enjoin enforcement of the New Ordinance, which the Court granted on May 11, 2001. On May 30, 2001, the Court consolidated the City's Petition and One World's Complaint under the above-styled case number.

On June 22, 2001, the Court held a Preliminary Injunction Hearing. Thereafter, on July 25, 2001, the Court issued its Order Denying One World's Motion for Preliminary Injunction and found that in light of two recent decisions by the Eleventh Circuit Court of Appeals, there was not a substantial likelihood that One World would succeed on the merits of its claims.

In its current Motion, the City argues that it is entitled to judgment as a matter of law because the New Ordinance: 1) does not violate the Consent Order; 2) is a content-neutral, reasonable time, place, and manner restriction and thus does not violate One World's First Amendment right to free speech; and 3) does not violate the Equal Protection Clause because it treats all nonprofit organizations the same. The City's Motion also requests that this Court grant summary judgment on its Petition to Dissolve and/or Modify the Court's Consent Order.

## LEGAL STANDARD

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no requirement that the trial judge make findings of fact. *Id.* at 251, 106 S.Ct. 2505

The party seeking summary judgment always bears the initial burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir.1993). If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of material fact exists. *Hairston*, 9 F.3d at 918. To meet

this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston*, 9 F.3d at 919. Moreover, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e). requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

## DISCUSSION

### I. *The New Ordinance Does Not Violate the Consent Order*

The relevant provision of the New Ordinance states that "[a]ll merchandise to be sold pursuant to this article shall be borne and displayed by the person engaged in offering it for sale in such a manner that the public right-of-way will not be used for tables, containers, boxes, racks or any other physical obstruction." Key West, Fla. Code of Ordinances § 107.38(f) (2001). In its Complaint, One World argues that the Consent Order protects its right to use portable tables to distribute and sell One World's literature and message-bearing T-shirts, and thus precludes the City's enforcement of the New Ordinance. (Compl. at 4–5.) The Consent Order, however, merely states that the City is "permanently enjoined from enforcing or attempting

to enforce Key West Code of Ordinances §§ 16.01–16.10, 91.01, 101.025(b), 107.25–107.37 and 111.02." (App. to the City's Mot. for Summ. J., Ex. 2.) Thus, on its face, the Consent Order does not prohibit the City from enforcing or adopting the New Ordinance or any future regulations. Moreover, the Parties' Stipulation, to which both parties agreed and on which the Court's Consent Order was based, explicitly "did not preclude the City of Key West from attempting to enforce any ordinances or regulations pertaining to the sale of message-bearing T-shirts by non-profit organizations *which may subsequently be adopted.*" (*Id.*, Ex. 3) (emphasis added). Here, the New Ordinance was adopted on March 6, 2001, subsequent to the Consent Order and the Parties' Stipulation. Therefore, the New Ordinance does not violate the Court's Consent Order.[3]

### II. *The New Ordinance Does Not Violate One World's First Amendment Right to Free Speech*

■ In *City of Montgomery*, the Eleventh Circuit explicitly adopted the legal interpretation of the undersigned in *One World One Family Now v. City of Key West*, 852 F.Supp. 1005 (S.D.Fla.1994), that the use of portable tables on public sidewalks to sell message-bearing T-shirts constitutes activity protected by the First Amendment. *International Caucus of Labor Comm.'s v. City of Montgomery*, 111 F.3d 1548, 1550, 1552 (11th Cir.1997). Thereafter, in a case virtually identical to the one at bar, the Eleventh Circuit laid out the test used to determine whether an ordinance that restricts the use of tables to sell message-bearing T-shirts on public sidewalks is constitutionally permissible.

**3.** The city's petition simultaneously argues that the New Ordinance does not violate the Consent Order and that the Court should dissolve or modify its Consent Order so that the City can enforce the New Ordinance against One World. Having found that the New Ordinance does not violate the Consent Order, the City's Petition is deemed moot.

*One World One Family Now v. City of Miami Beach,* 175 F.3d 1282, 1286 (11th Cir.1999).[4] First, the court must determine "whether the relevant government conduct is content neutral or content based." *Id.* If the court determines that the conduct is content based, it must apply strict scrutiny analysis, which "requires the government [ ] to show that the [challenged] action is narrowly tailored and serves a compelling state interest." *Id.* If, however, the court finds that the challenged action is content neutral, it must determine "whether the action is a permissible time, place, and manner regulation." *Id.* (citing *Metromedia Inc. v. City of San Diego,* 453 U.S. 490, 518, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981)).

■■■ Under the time, place, and manner test, a "[c]ity may impose reasonable restrictions on the time, place and manner of protected speech in a public forum as long as the restrictions (1) are content neutral, (2) are narrowly tailored to serve a significant governmental interest, and (3) leave open ample alternative channels for communication of the information." *City of Montgomery,* 111 F.3d at 1551 (citing *Ward v. Rock Against Racism,* 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989)). The Eleventh Circuit has further clarified that an ordinance is content neutral where "it does not address the subject matter of any message, but only [regulates] the placement of physical structures on the public walkways intended for pedestrian traffic." *City of Miami Beach,* 175 F.3d at 1287. Moreover, "to meet the narrow tailoring requirement, the ordinance 'need not be the least restrictive or least intrusive means of doing so. Rather, the requirement of narrow tailoring is satisfied so long as the regulation promotes a substantial government interest which would be achieved less effectively absent

the regulation.'" *Id.* (citing *Ward,* 491 U.S. at 799, 109 S.Ct. 2746). Furthermore, numerous courts have held that promoting aesthetics and preventing obstructions to the orderly flow of pedestrian traffic on public sidewalks constitute substantial government interests. *See Metromedia,* 453 U.S. at 507–08, 101 S.Ct. 2882; *City of Miami Beach,* 175 F.3d at 1287–88; *City of Montgomery,* 111 F.3d at 1551. Finally, where an "ordinance does not regulate solicitation or vending or other First Amendment activity *without the use of a table,*" there remain ample "alternative channels for nonprofit groups to communicate their message." *Id.* at 1288 (emphasis added).

■■■ In the instant case, this Court finds that the New Ordinance is content neutral and satisfies the time, place, and manner test as articulated in *City of Miami Beach* and *City of Montgomery.* As previously noted, the challenged provision of the New Ordinance states that "[a]ll merchandise to be sold pursuant to this article shall be borne and displayed by the person engaged in offering it for sale in such a manner that the public right-of-way will not be used for tables, containers, boxes, racks or any other physical obstruction." § 107.38(f). Thus, the New Ordinance expresses no preference for any particular viewpoint but instead, merely seeks to regulate the placement of physical structures on sidewalks. Therefore, the New Ordinance is clearly content neutral.

The Court also finds that the New Ordinance is narrowly tailored to meet the City's substantial interest in promoting the City's aesthetics and preventing obstructions to pedestrian traffic on its public sidewalks. Here, the city is an island community, approximately two (2) miles wide

***

4. In *City of Miami Beach,* the Eleventh Circuit affirmed the district court's finding that

the ordinance did not violate the First Amendment. 175 F.3d at 1284, 1288.

and four (4) miles long, whose economy is based almost solely on tourism.[5] Moreover, because over 660,000 tourists visit the city each year on cruise ships, and because the city is so small and its attractions so concentrated, walking is the preferred and often only means employed to explore it.[6] Finally, the City enacted its ban on sidewalk obstructions in part based on numerous complaints from tourists and residents alike about the congestion such physical obstructions caused to the flow of pedestrian traffic.[7] Thus, it would appear that the City of Key West has an even more substantial interest than most cities in regulating the flow of pedestrian traffic on public sidewalks, and its New Ordinance does no more than ban physical obstacles to such traffic.

Finally, the Court finds that the New Ordinance leaves open ample alternative channels for the communication of One World's message. First, the New Ordinance merely prohibits the placement of "tables, containers, boxes, racks or any other physical obstruction" in such a way that impedes the public right-of-way. Thus, One World is still free to erect tables to distribute its message on private property or in public areas not along the City's sidewalks. Moreover, One World can still disseminate its message by selling T-shirts or handing out pamphlets on the very sidewalks the New Ordinance regulates—it just cannot use tables to do so. Therefore, the Court finds that the New Ordinance does not violate One World's First Amendment right to free speech.

III. *The New Ordinance Does Not Violate One World's Right to Equal Protection of the Laws*

■ The Equal Protection Clause requires "that all persons similarly situated [ ] be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Here, One World's Complaint alleges that because the New Ordinance "prohibits One World from using portable tables [but permits] other structures used for similar purposes, such as newsracks or other commercial facilities" the New Ordinance violates One World's right to equal protection of the laws. (Compl. at 5.) However, the Equal Protection Clause applies to people, not structures. One World is a nonprofit organization. The New Ordinance treats all nonprofit organizations alike. Therefore, the New Ordinance does not violate the Equal Protection Clause.

## CONCLUSION

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant City of Key West's Motion for Summary Judgment be, and the same is hereby, GRANTED. One World's Complaint is hereby DISMISSED in its entirety. This case is CLOSED.

### *FINAL JUDGMENT*

Pursuant to Fed.R.Civ.P. 58, and the Court's November 12, 2003 Order Granting Defendant City of Key West's ("the City") Motion for Summary Judgment, it is

ORDERED and ADJUDGED that judgment is entered in favor of the City and against Plaintiff One World One Family Now. This case is DISMISSED with prejudice. It is further

---

5. (City's Statement of Material Facts as to Which There is No Genuine Issue to be Tried, DE # 27, 9/11/03, at 4.)

6. (*Id.*)

7. (*Id.* at 5.)

ORDERED and ADJUDGED that any pending motions are DENIED as moot. The Court retains jurisdiction of the above-styled action to determine fees, costs, and expenses, if any, incurred by the City in defending this action.